UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 01-3090-CV-UNA/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,                                            TRACT NO. 403-10
                                                                       EAST EVERGLADES

vs.

60.00 ACRES OF LAND, MORE OR LESS,
IN THE COUNTY OF MIAMI-DADE, STATE
OF FLORIDA; and MARLBORO PROPERTIES,
S.A., et al., and Unknown Others,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon a Joint Motion for the Entry of Stipulated Judgment as to Just Compensation. **[DE 26]**. Upon review of the Motion, the court file, and being otherwise duly advised in the premises, the Court makes the following findings.

On July 16, 2001, Plaintiff filed a Complaint in condemnation pursuant to a declaration of taking against the Defendant property and deposited the sum of $54,000.00, in the registry of the Court representing the amount of estimated just compensation for the taking of same. **[DE 1, 6]**. Upon deposit of said amount into the registry of the Court, title to the subject property vested in the United States of America by operation of law. 40 U.S.C. §3114(b) (2005).

On Schedule "C" of the Complaint, Defendants Marlboro Properties, S.A., a Panamanian corporation, and DOV Management Inc., a Florida corporation, appear as the purported owners of the subject property. **[DE 1, Schedule "C"]**. The Miami-Dade County Tax Collector ("Tax Collector"), appears as a party "who may have or claim an interest in the land," by virtue of a possible lien for real property taxes. **Id**.

Plaintiff filed the instant Motion seeking the entry of a Stipulated Judgment in the amount of $54,000.00, on September 16, 2008. **[DE 26]**. The Court notes that Plaintiff takes no position

CASE NO: 01-3090-CV-UNA/TURNOFF

as to either entitlement or distribution of the funds in question.

On December 11, 2008, this Court entered an Order giving any and all interested parties one final opportunity to file any opposition or response to the instant Motion. **[DE 27]**. The Order clearly provided that, if any of the Party Defendants failed to respond, the Court would presume they have no interest in the subject property. On December 17, 2008, Defendants Marlboro Properties, S.A., and DOV Management, Inc., filed a response indicating that they were the fee owners of the subject property. **[DE 28]**. No other response or objection has been filed, and the time provided for in the Order has passed. Moreover, the record indicates that the Court entered an Order Granting Motion for Withdrawal of Funds for Taxes with respect to the subject property. **[DE 18]**. There are no further delinquent property taxes associated with the subject property.

Consistent with the foregoing, the undersigned finds that Defendants Marlboro Properties, S.A., and DOV Management, Inc., are the rightful owners of the subject property and that entry of the Stipulated Judgment is appropriate. Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that the Joint Motion **[DE 26]** be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, Chief United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, on this 6th day of January 2009.

_____
**William C. Turnoff**
**United States Magistrate Judge**

cc:  Hon. Federico A. Moreno
     Service List